UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL AMETH GIRON CAMARGO,

      Petitioner,

v.

                                   Case No.:  2:26-cv-0767-SPC-NPM

U.S. ATTORNEY GENERAL *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Joel Ameth Giron Camargo's Motion to Enforce Court Order, Notice of Change of Address and Request for Release (Doc. 14) and the government's response (Doc. 16).

Giron Camargo, a noncitizen in immigration detention, sought habeas relief from this Court. He challenged the legality of his detention because the government had not afforded him any individualized review. In response, the government asserted Giron Camargo is subject to mandatory detention under 8 U.S.C. § 1226(c) but expressed willingness to hold a bond hearing. On March 31, 2026, the Court ordered the respondents to bring Giron Camargo before an immigration judge for a bond hearing within ten days. Since Immigration and Customs Enforcement ("ICE") transferred Giron Camargo out of the district after he filed the petition, the Court ordered the respondents to deliver a copy of the order to Giron Camargo at his current place of detention.

An immigration judge conducted a bond hearing on April 9, 2026. Giron Camargo did not receive advance notice of the hearing or a copy of the Court's March 31 order. As a result, he was not able to prepare to represent himself or seek the assistance of counsel. That led to a fundamentally unfair bond hearing, and it perhaps explains why the immigration judge got the facts wrong. The immigration judge denied bond because:

> DANGER TO COMMUNITY, FLIGHT RISK. Respondent has pled guilty to possession of meth and fentanyl. Respondent has associated with individuals who furnish meth and fentanyl. Respondent has no applications for relief pending with USCIS or the Immigration Court.

(Doc. 16-2 at 1). In fact, Giron Camargo pled *nolo contendere* to possession of methamphetamine in 2021, and a state court withheld adjudication and imposed 18 months of probation. The distinction is important. A plea of *nolo contendere* "represents the defendant's unwillingness to contest the charges against him and is not an admission of guilt." *Grizzard v. State*, 881 So. 2d 673, 677 (5th Dist. Ct. App. Fla. 2004). For that reason, "a plea of nolo contendere, unlike a guilty plea, is not admissible in a civil proceeding" in Florida. *Id.*

Because Giron Camargo did not receive a fair hearing, the Court **partially grants** his motion (Doc. 14) and orders a second bond hearing—this time with guardrails. The respondents shall bring Giron Camargo before an immigration judge for an individualized bond hearing within ten days or

release him.   To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), the government must bear the burden of proof, and Giron Camargo must be given at least 48 hours' notice of the hearing.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  If the respondents are unable to ensure Benitez Trejo receives a bond hearing that complies with this Order within ten days, they must release him.

**DONE AND ORDERED** in Fort Myers, Florida on June 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3