UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL AMETH GIRON CAMARGO,

     Petitioner,

    v.                       Case No.:  2:26-cv-0767-SPC-NPM

U.S. ATTORNEY GENERAL *et al.*,

     Respondents,

## **OPINION AND ORDER**

Before the Court are Joel Ameth Giron Camargo's Second Motion to Enforce Court Order and Request for Release (Doc. 18) and the government's response (Doc. 20) and notice of a related action (Doc. 21).

Giron Camargo, a noncitizen in immigration detention, sought habeas relief from this Court. He challenged the legality of his detention because the government had not afforded him any individualized review. In response, the government asserted Giron Camargo is subject to mandatory detention under 8 U.S.C. § 1226(c) but expressed willingness to hold a bond hearing. On March 31, 2026, the Court ordered the respondents to bring Giron Camargo before an immigration judge for a bond hearing within ten days. By that point, the government had transferred Giron Camargo to a detention facility in California.

An immigration judge conducted a bond hearing on April 9, 2026, but the Court found it fundamentally unfair and ordered a second bond hearing with specific requirements to ensure fairness.  That hearing did not timely occur, but that was at least partially due to confusion about Giron Camargo's willingness to voluntarily depart the country.  Giron Camargo apparently signed a voluntary departure form and acquired a ticket on a flight from LAX, but whoever purchased the ticket canceled it.  After the voluntary departure failed to occur as scheduled, the government scheduled another bond hearing for June 24, 2026.

There is another complication.  Giron Camargo filed a habeas petition in the Eastern District of California, and it is in active litigation.  The California court is monitoring Giron Camargo's bond hearing and voluntary departure activity.  In fact, the docket reflects that a status update is due in that court today.  As the court located in the district where Giron Camargo is detained, the California court is in a better position to manage this case.  So to avoid duplicative litigation and potentially inconsistent rulings, Giron Camargo's second motion to enforce is **denied**.  *See I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.3d 1541, 1552 (11th Cir. 1986) (explaining why federal courts should dismiss duplicative actions).  Giron Camargo can continue to pursue his habeas claim in the California case.

**DONE AND ORDERED** in Fort Myers, Florida on June 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record